## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JOSEFINA CANALES,<br><br>Plaintiff,<br><br>v.<br><br>JOHN E. POTTER,<br><br>Defendant. | Civil No.:06-1701 (DRD) |

### OPINION AND ORDER

Presently before the Court is Plaintiff's *Motion for Reconsideration of Dismissal Judgment* (Docket No. 65), dated April 22, 2009. This motion comes in response to this Court's *Amended Opinion and Order Nunc Pro Tunc* (Docket No. 64), dated April 13, 2009. The original *Opinion and Order* issued by this Court is dated April 8, 2009 (Docket No. 61). Defendant's *Opposition to Plaintiff's Motion for Reconsideration* was filed on May 6, 2009 (Docket No. 66).

In Plaintiff's *Motion for Reconsideration*, Plaintiff argues three points without reference to the standard applicable to motions for reconsideration. These points are: (1) this Court exceeded the proper standard of review when it adopted in part the Magistrate's Report and Recommendation; (2) this Court erred when it found that Plaintiff did not present sufficient evidence to establish causal connection; and (3) this Court did not follow First Circuit precedent when it refused to find that Defendant should have acquiesced to the terms upon which Plaintiff's return

to work was conditioned.

In his *Opposition*, Defendant argues that Plaintiff did not meet the requirements for this Court to grant a reconsideration. Further, Defendant argues that Plaintiff bolstered her *Motion for Reconsideration* with misconstrued evidence from the record, presenting unsubstantiated evidence and inadmissible evidence in her effort to overturn the judgment.

Motions for reconsideration are generally considered either under Rule 59 or Rule 60 of the Federal Rules of Civil Procedure, depending on the time when such motion is served. *See* Perez-Perez v. Popular Leasing Rental, Inc., 993 F.3d 281, 284 (1st Cir. 1993). It is settled that "[a] motion for reconsideration does not provide a vehicle for a party to undo its own procedural failures and it certainly does not allow a party to introduce new evidence or advance new arguments that could or should have been presented to the district court prior to judgment." Marks 2-Zet-Ernst Marks GMBH & Co. KG v. Presstek, Inc., 455 F.3d 7, 15-16 (1st Cir. 2006). Thus, a motion for reconsideration cannot be used as a vehicle to re-litigate matters already litigated and decided by the Court. *See* Standard Quimica de Venezuela v. Central Hispano Int'l, Inc., 189 F.R.D. 202, FN. 4 (D.P.R. 1999). These motions are entertained by courts if they seek to correct manifest errors of law, present newly discovered evidence, or when there is an intervening change in law. *See* Prescott v.

Higgins, 538 F. 3d 32, 45 (1st Cir. 2008); *see also* Rivera Surillo & Co. v. Falconer Glass Indus., Inc., 37 F.3d 25, 29 (1st Cir. 1994) (citing F.D.I.C. Ins. Co. v. World University, Inc., 978 F.2d 10, 16 (1st Cir. 1992). Accordingly, parties "should not use them to raise arguments which could, and should, have been made before judgment issued." F.D.I.C., 978 F.2d at 16 (internal quotation omitted). Further, these motions may not be used to "argue a new legal theory" or to "repeat old arguments previously considered and rejected." Parties should be cautioned that "a motion for reconsideration is not properly grounded in a request for a district court to rethink a decision it has already made, rightly or wrongly." Williams v. City of Pittsburgh, 32 F.Supp.2d 236, 238 (W.D.Pa. 1998). Ultimately, a motion for reconsideration is unavailable if said request simply highlights a point of disagreement between the court and the litigant, or is used to reargue matters already properly disposed of by the Court. *See e.g.* Waye v. First Citizen's National Bank, 846 F.Supp. 310, 314 n.3 (M.D.Pa. 1994)

Federal Rule of Civil Procedure 56 provides that summary judgment should be entered where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c); *see* Celotex

Corp. V. Catrett, 477 U.S. 317, 324-325 (1986).  Pursuant to the language of the rule, the moving party bears a two-fold burden: he must show that there is "no genuine issue as to any material facts;" as well as that he is "entitled to judgment as a matter of law." Veda-Rodriguez v. Puerto Rico, 110 F.3d 174, 179 (1st Cir. 1997).

"Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." Reeves v. Sanderson Plumbing Prod., 530 U.S. 133, 150 (2000)(quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986)).  Summary judgment is appropriate, however, where the nonmoving party rests solely upon "conclusory allegations, improbable inferences and unsupported speculation." Ayala-Gerena v. Bristol Myers-Squibb Co., 85 F.3d 86, 95 (1st Cir. 1996).  Furthermore, under Rule 56(e), affidavits and other evidence submitted to the Court to consider when deciding a motion for summary judgment must be admissible at trial.  F.D.I.C. v. Fonseca, 795 F.2d 1102, 1110 (1st Cir. 1985). Thus, hearsay evidence is insufficient to oppose a properly supported motion for summary judgment.  Id.

First, the Court notes that Plaintiff offers no new evidence in support of her claims.  Likewise, the Court notes that Plaintiff points to no intervening change of law that would entitle her to reconsideration of this Court's *Opinion and Order* and *Judgment*.  Although Plaintiff never framed her arguments

within the parameters of the third reason for granting reconsideration, that of a manifest error of law, the Court must assume, that, having neither presented new evidence nor citing an intervening change of law, this line of reasoning underlies Plaintiffs argument.  The Court will proceed accordingly.

Plaintiff's first argument is that the Court erred when it adopted the Magistrate's *Report and Recommendation*.  Plaintiff argues that the Court should not have reviewed the portions of the *Report and Recommendation* to which Defendant did not object.  Plaintiff does not cite a single case to support this argument.  Although an objecting party is not entitled to a *de novo* review of those issues which it fails to specifically raise in its objection,[1] that rule does not extend so far as to forbid the Court from reviewing portions of the Report and Recommendation to which no objection was made, adopting them or declining to adopt them as it sees fit.  In fact, 28 U.S.C. §636 provides explicitly that "[a] judge of the court may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. §636(b)(1).  Further, under the applicable case law, the Court is explicitly allowed to examine an unopposed portion of a Magistrate's Report and Recommendation under the "plain error" standard.  *See* Douglass v. United Servs. Auto Assn., 79 F.3d 1415, 1419 (5th Cir. 1996); *see also* Nugueras-

---

[1] *See e.g.* U.S. v. Valencia, 792 F.2d 4, 6 (1st Cir. 1988).

Cartagena v. U.S., 172 F.Supp.2d 296, 305 (D.P.R. 2001). Accordingly, Plaintiff's argument that the Court scrutinized the *Report and Recommendation* too closely carries no weight. No manifest error of law[2] is present where the Court scrutinizes the *Report and Recommendation*, particularly where it does so under the "plain error" standard.

    Having determined that the Court did not overstep its bounds in adopting the *Report and Recommendation* in part and scrutinizing portions to which Defendant made objection, the Court moves on to analyze Plaintiff's second argument for reconsideration.  Here, Plaintiff claims that the Court erred in its finding that Plaintiff presented insufficient evidence to establish a causal connection based on temporal proximity and prior knowledge.  Plaintiff does not cite to a single case indicating that the Court's decision in its *Amended Opinion and Order* was erroneous.  Rather, Plaintiff attempts to re-hash a matter already decided by the Court, filling in evidentiary holes with allegations based upon citations to the record that do not support her assertions.[3]  Additionally, Plaintiff attempts to bolster her argument by citing to self-serving statements, speculation and hearsay.  Under the case law discussed above,

---

[2] The Court notes that a manifest error of law may include a misapplication of facts to a legal precedent.

[3] For example, on page 6 of Plaintiff's *Motion for Reconsideration*, the Court counts at least two factual assertions entirely unsupported by the evidence cited by Plaintiff.

such evidence is insufficient to defeat a motion for summary judgment.  Therefore, Plaintiff has made no cognizable argument that this Court made a manifest error of law when it found that Plaintiff failed to establish a causal connection.  As a result, the Court will not grant a reconsideration based on this argument.

Plaintiff's final argument is that this Court's decision regarding the conditions under which Plaintiff would return to work is contrary to First Circuit precedent.  In support of this argument, Plaintiff quotes one case which stands for the general proposition that an adverse employment action includes harassment by other employees and a Supreme Court case which held that retaliation is a form of discrimination.  Neither of these cases is contrary to this Court's previous finding in its *Amended Opinion and Order*.  Rather, these cases describe the umbrella under which the Court's previous decision lies.  In its *Amended Opinion and Order*, the Court cited several cases which supported its determination that Plaintiff had failed to show that her desired conditions were appropriate under the circumstances of this case.  The Court finds that Plaintiff showed no manifest error of law in its decision regarding the conditions under which Plaintiff would return to work.  Accordingly, in this argument, the Court finds no reason to grant a reconsideration.

For the reasons stated above, the Court hereby **DENIES**

Plaintiff's *Motion for Reconsideration*.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 2nd day of December, 2009.

>S/Daniel R. Domínguez
>DANIEL R. DOMÍNGUEZ
>U.S. DISTRICT JUDGE